IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
JANICE POWELL,                      *
                                    *
     Plaintiff,                     *
                                    *
     v.                             *    CV 617-58
                                    *
VARIETY WHOLESALERS, INC.;          *
JOHN DOE NO. 1; JOHN DOE NO. 2;     *
JOHN DOE NO. 3; and JOHN DOE NO.    *
4,                                  *
                                    *
     Defendant.                     *
                                    *
```

ORDER

Before the Court is Defendant's Motion to Strike Plaintiff's Second Supplemental Responses to Defendant's First Interrogatories Adding Expert Witness Dean V. Moesch, M.D.[1] (Doc. 38.) Plaintiff has failed to respond to Defendant's motion; with the time for filing a response in opposition having expired, the motion is ripe for consideration. Thus, Defendant's motion is deemed unopposed. LR 7.5, SDGA. ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). For the following reasons, Defendant's motion is **GRANTED**.

---

[1] Although Defendant describes this motion as a motion to strike, Plaintiff's supplemental response was not filed with the Court. Accordingly, the Court construes Defendant's motion as a motion in limine pursuant to Federal Rules of Civil Procedure 26 and 37.

This case revolves around a slip and fall accident that occurred at Defendant's store on March 18, 2015. According to the Scheduling Order, Plaintiff and Defendant were required disclose any expert witness reports by September 14 and October 14, 2017, respectively. (Doc. 8.) Defendant submitted all of its expert witness reports by October 13, 2017. (Docs. 13, 14, 20, 21.) On February 1, 2018, however, Plaintiff served upon Defendant a supplemental response to Defendant's interrogatories naming Dr. Dean V. Moesch, M.D. as a rebuttal expert that Plaintiff intended to call at trial. (Doc. 38-1.) Defendant argues that Plaintiff's expert should be precluded from testifying because the deadline for Plaintiff to identify the rebuttal expert has passed.

Federal Rule of Civil Procedure 26(a)(2)(C) provides that a party must identify a rebuttal expert within thirty days after the opposing party's disclosure. Rule 37, on the other hand, provides that a party who fails to comply with the disclosure requirements in Rule 26(a) will not be allowed to use that witness "unless the failure was substantially justified or is harmless." In the instant case, the latest Plaintiff could disclose the identity of Dr. Moesch was November 13, 2017. Because Plaintiff has provided no response showing that her

delay was substantially justified or harmless, she will be precluded from relying on Dr. Moesch's testimony.

Therefore, upon due consideration, Defendant's motion (doc. 38) is **GRANTED**.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of June, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA