**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

FILED
Scott L. Poff, Clerk
United States District Court

*By Ericka Sharpe at 1:31 pm, Jan 03, 2019*

JANICE POWELL,

    Plaintiff,

v.

VARIETY WHOLESALERS, INC.; and
JOHN DOES NOS. 1–4,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-58

## <u>O R D E R</u>

Presently before the Court are Plaintiff Janice Powell's Motion for Reconsideration, (doc. 70), and Motion to Alter or Amend Judgment, (doc. 73). By these Motions, Plaintiff requests the Court reverse its decision to grant Defendant Variety Wholesalers, Inc.'s Motion to Strike,[1] (doc. 69), and requests that the Court amend a finding in its subsequent Summary Judgment Order, (doc. 72). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Reconsideration, (doc. 70), and **DENIES** Plaintiff's Motion to Amend or Alter Judgment, (doc. 73).

### BACKGROUND

Plaintiff filed this negligence action against Defendant on March 16, 2017, after sustaining an injury in Defendant's department store. (Doc. 1-2, pp. 22, 24.) Plaintiff claims

---

[1] The full title of Defendant's motion is "Motion to Strike Plaintiff's Second Supplemental Responses to Defendant's First Interrogatories Adding Expert Witness Dean V. Moesch, M.D." (Doc. 69.)

Defendant's use of clear coat hangers created a tripping hazard, and that this hazard ultimately caused her injuries. (Id.) Defendant removed this case from the State Court of Screven County on April 26, 2017, (doc. 1), and later moved to exclude Plaintiff's proposed expert, Dean V. Moesch, M.D., (doc. 38). Because the deadline for Plaintiff to identify expert witnesses had passed[2] and because Plaintiff did not oppose Defendant's Motion to Strike, the Court granted the motion and precluded Plaintiff from relying upon Dr. Moesch's testimony. (Doc. 69.) Plaintiff now urges the Court to reconsider this decision because Defendant was not prejudiced by Plaintiff's untimely disclosure of Dr. Moesch. (Doc. 70.)

In her Motion to Alter or Amend Judgment, Plaintiff questions two of the Court's decisions in another previously-issued order. (Doc. 73.) First, in response to a Motion in Limine filed by Defendant, (doc. 46), the Court held that Plaintiff's proposed expert Thomas Lodge could not testify about the dangers of clear hangers or the reasonableness of Defendant's safety policy because Plaintiff did not demonstrate his opinions were based on reliable methodology or supported by more than a "subjective belief," (doc. 72, pp. 4–7). See Fed. R. Evid. 702. Because Mr. Lodge's testimony was the only evidence Plaintiff proffered to support her claim that Defendant's use of clear hangers was inherently dangerous, the Court held that Plaintiff could not rely on this theory to establish Defendant's negligence and granted partial summary judgment to Defendant on the issue.[3] (Doc. 72, p. 15.) Plaintiff argues the Court utilized

---

[2] Defendant timely disclosed its two expert witnesses on October 13, 2017. (Docs. 20, 21.) Under Federal Rule of Civil Procedure 26(a)(2)(D), a party must identify a rebuttal expert within thirty days after the opposing party's disclosure—here, November 13, 2017. A party who fails to comply with these disclosure requirements cannot to use the proposed witness "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

[3] The Court permitted the case to advance on the theory that Defendant had constructive knowledge of the hanger that was on the ground and caused Plaintiff's fall. (Doc. 72 at p. 15.)

2

contradictory reasoning in these decisions and requests the partial summary judgment ruling be amended to "deny summary judgment on Defendants' liability for using clear hangers." (Doc. 73, pp. 1–2.) Defendant opposes both Motions and avers they are devoid of factual and legal support. (Docs. 71, 74.)

**DISCUSSION**

The Eleventh Circuit Court of Appeals has stated that a motion for reconsideration falls within the purview of either Federal Rule of Civil Procedure 59(e) or 60(b). Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n. 5 (11th Cir. 1993). Under Rule 59(e), "the only grounds for granting a [plaintiff's] motion are newly-discovered evidence or manifest error of law or fact." Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). Rule 60(b), on the other hand, enumerates a limited set of circumstances in which a party may seek relief from a final judgment, order, or proceeding—none of which apply here.[4] The rule also contains a "catchall" provision which authorizes relief based on "any other reason that justifies [it]." Fed. R. Civ. P. 60(b)(6). However, relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and a party seeking relief must show that absent such relief, extreme and unexpected hardship will result. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted); see also Allen v. Dockery, 295 F. App'x 335 (11th Cir. 2008) (affirming the lower court's finding that attorney error does not merit reconsideration without sufficient evidence to prove excusable neglect). Finally, regardless of which rule applies, motions for

---

[4] "[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or, (5) the judgment has been satisfied[.]" Fed. R. Civ. P. 60(b)(1)–(5).

3

reconsideration cannot be used to relitigate issues which have already been found lacking. Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009).

While Plaintiff has not indicated which rule or rules she believes support her motions, the distinction is immaterial in this case. Plaintiff has not shown—and does not argue—that new evidence, manifest error, or exceptional circumstances entitle her to relief. Moreover, Plaintiff does not claim she will suffer "extreme hardship" should her requests be denied. See, e.g., Griffin, 722 F.2d at 680. In her Motion for Reconsideration, Plaintiff claims only that relief is warranted because the "inadvertent error of her counsel" to timely identify an expert witness did not prejudice the Defendant. (Doc. 70.) While Plaintiff would certainly benefit from the Court's reconsideration of its ruling, this argument does not allege any errors of law or fact, nor does it allege that Plaintiff was prejudiced in any way. Rather, Plaintiff admits that the decision was legally warranted and points to the *lack* of extreme hardship.[5] See Eason v. Owens (In re Owens), 483 B.R. 262, 267 (Bankr. N.D. Ga. 2012) (declining to grant relief under FRCP 59(e) and 60(b) where a plaintiff did not provide sufficient justification for previous error).

Plaintiff's arguments in her Motion to Alter or Amend Judgment similarly lack necessary support. Plaintiff argues the Court's exclusion of Mr. Lodge's opinions as "common-sense matter[s] for a jury to decide" contradicts its later conclusion that Plaintiff "ha[d] not proved the danger of using a clear hangar [sic]," and the Court should therefore permit the issue to be argued at trial. (Doc. 73, p. 2.) Even assuming Plaintiff meant to allege an error of law or fact under Rule 59(e), the argument itself misconstrues the Court's reasoning. A proponent of expert testimony bears the burden of demonstrating that the expert is qualified and has an opinion based

---

[5] Plaintiff argues reconsideration is warranted because "Defendant has not been prejudiced by any failure to timely identify Dr. Moesch," and "Plaintiff has no objection to Defendant's being able to provide its own rebuttal witnesses prior to trial[.]" (Doc. 70, p. 2.)

on reliable methodology. U.S. v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993)). The proponent must also establish that the opinion assists the trier of fact by providing scientific, technical, or specialized expertise. Id. After discussing Plaintiff's failure to establish that Mr. Lodge's opinions were products of reliable methodology, the Court noted that this failure additionally undermined Plaintiff's ability to prove why such opinions were necessary to assist the jury—a requirement for admissibility. (Doc. 72, pp. 4–5.) As noted above, Mr. Lodge's opinion was the only evidence Plaintiff offered to establish the hazardous nature of clear hangers. (Id. at p. 11.) Having decided that, as a matter of law, Plaintiff's only evidence on the issue was inadmissible, the Court necessarily concluded Plaintiff "failed to establish that clear hangers are dangerous." (Id.) The congruency of these rulings is apparent. Mr. Lodge's testimony was excluded due to Plaintiff's failure to satisfy the requirements for the admissibility of expert testimony, and summary judgment was subsequently entered because Plaintiff had offered nothing other than the excluded testimony to support her claim.

In light of the foregoing, Plaintiff has failed to demonstrate that any grounds for reconsideration exist. Both motions are transparent requests for the Court to disturb its prior rulings, and Plaintiff did not proffer any legitimate reasons for the Court to do so. Absent legal bases or evidence to support revisiting previously-decided issues, the Court discerns no reason to alter its prior decisions. Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration and **DENIES** Plaintiff's Motion to Alter or Amend Judgment.

## CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's Motion for Reconsideration, (doc. 70), of the Court's June 13th, 2018 Order, (doc. 69). The Court also **DENIES** Plaintiff's

5

Motion to Alter or Amend Judgment, (doc. 73), of the Court's July 9th, 2018 Order, (doc. 72). The Court's previous decisions remain the Orders of the Court.

**SO ORDERED**, this 3rd day of January, 2019.

_R. STAN BAKER_
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA