UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2019 JAN 31 PM 4:06
CLERK_____
SO. DIST OF GA.

| | |
|---|---|
| JANICE POWELL, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CV617-058<br>) |
| VARIETY WHOLESALERS, INC., *et al.*, | )<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff's Motion to Disqualify H. Clark Deriso, M.D. as Expert Physician. Doc. 43. For the following reasons, plaintiff's motion is **DENIED WITHOUT PREJUDICE**.[1]

## BACKGROUND

This case arises from a slip and fall on March 18, 2015 in Sylvania, Georgia. Doc. 43 at 1. Plaintiff alleges that she sustained a

---

[1] An identical motion was filed at docket no. 44 which attached Dr. Deriso's report as an exhibit. That motion is also **DENIED WITHOUT PREJUDICE**. Plaintiff also submitted a "Supplement to Plaintiff's Motion to Disqualify H. Clark Deriso, M.D. as Expert Physician." Doc. 51. This appears to have been incorrectly docketed as a "Motion to Amend/Correct." To the extent that filing seeks to amend the motion to disqualify by adding the transcript of Dr. Deriso's deposition, that motion is **GRANTED**.

"TFC" (undescribed in the briefs) to her right wrist and a ligamentous injury with aggravation to the degenerative condition in her cervical spine. *Id.* She underwent a wrist arthroscopy with TFC debridement, a right wrist wafer restriction of the distal ulna, and an anterior cervical disc fusion. *Id.* She ultimately filed suit against defendant—the owner and operator of the store in which she fell. *Id.*, doc. 1. Defendant later identified H. Clark Deriso, M.D. as an expert witness pursuant to Fed. R. Civ. Pro. 26(a)(2). Doc. 21. Dr. Deriso is licensed to practice medicine in Georgia and has worked as an orthopedic surgeon since 1975. Doc. 55-1 at 1. According to defendant, he was "retained . . . as an expert in this matter to review medical records and diagnostic studies, and to provide opinions concerning the medical causation of plaintiff's alleged wrist and cervical spine injuries." Doc. 55 at 2. Dr. Deriso was deposed after he was identified as an expert witness. *Id.* at 2.

Plaintiff objects to this expert on the grounds that Dr. Deriso's opinion fails to comply with the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), fails to comply with O.C.G.A. § 24-7-702's requirement that an expert testifying in a medical

malpractice action have practiced in that specialty for three of the past five years, and fails to adequately disclose those cases in which Dr. Deriso had previously offered expert opinions. *See* doc. 43 at 1-3.

## ANALYSIS

As an initial matter, plaintiff's argument regarding O.C.G.A. § 24-7-702 holds no water here. That statute sets forth requirements for experts testifying in medical malpractice cases. *Id.* This case does not involve medical malpractice. As a result, O.C.G.A. § 24-7-702 does not apply. *See, e.g., Armstead v. Allstate Prop. & Cas. Ins. Co.*, 2016 WL 928722, at *5 (N.D. Ga. Mar. 11, 2016) (discussing whether Georgia's more restrictive rules on the presentation of expert testimony applies in non-medical malpractice cases). As a result, the Court turns to plaintiff's two other arguments. Namely, that Dr. Deriso's testimony is insufficient under Federal Rule of Evidence 702 and that he failed to adequately disclose his past expert experience.

In *Daubert*, the U.S. Supreme Court interpreted Rule 702 stating that the rule "compels the district courts to perform the critical 'gatekeeping' function concerning the admissibility of expert scientific evidence." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir.

3

2004) (*citing Daubert*, 509 U.S. at 589 n.7, 597). The U.S. Supreme Court later held that "*Daubert's* general holding—setting forth the trial judge's general 'gatekeeping' obligation—applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (*citing* Fed. R. Evid. 702). Having adopted these decisions, amended Rule 702 provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 702.

In this circuit, the Court applies a three-pronged inquiry to determine whether an expert's testimony complies with Rule 702 and *Daubert*. The Court must determine whether

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized

expertise, to understand the evidence or to determine a fact in issue.

*Frazier*, 387 F.3d at 1260 (citations omitted). The proponent of the expert opinion bears the burden of establishing qualification, reliability, and helpfulness by a preponderance of the evidence. *Daubert*, 509 U.S. at 592, n. 10.

For the first prong, "experts may be qualified in various ways. While scientific training or education may provide possible means to qualify, experience in a field may offer another path to expert status." *Frazier*, 387 F.3d at 1260-61; *see also* Fed. R. Evid. 702 (a witness may be qualified as an expert by "knowledge, skill, experience, training, or education[.]").

The reliability "criterion remains a discrete, independent, and important requirement for admissibility." *Frazier*, 387 F.3d at 1261. The Supreme Court in *Daubert* "set out a list of 'general observations' for determining whether expert testimony is sufficiently reliable to be admitted under Rule 702." *United States v. Brown*, 415 F.3d 1257, 1267 (11th Cir. 2005) (citation omitted). These factors or observations inquire into the expert's "theory or technique" and are: "(1) whether it can be (and has been) tested; (2) whether it has been subjected to peer

5

review and publication; (3) what its known or potential rate of error is, and whether standards controlling its operation exist; and (4) whether it is generally accepted in the field." *Id.* (citation omitted). "Sometimes the specific *Daubert* factors will aid in determining reliability; sometimes other questions may be more useful." *Frazier*, 387 F.3d at 1262. "Indeed, the Committee Note to the 2000 Amendments of Rule 702 expressly says that, '[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.' " *Id.* at 1261. Lastly, expert opinion testimony must assist the trier of fact. *Id.* "By this requirement, expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." *Id.* (citation omitted).

The main thrust of plaintiff's argument is that Dr. Deriso is not qualified to serve as an expert because it has been many years since he has performed any of the surgical procedures that plaintiff had to undergo after her alleged injury. *See* Doc. 43 at 3 ("Dr. [ ] Deriso's experience is significantly lacking in the specialty his opinion is

6

rendered on."). Defendant disagrees, noting that Dr. Deriso regularly sees patients and reviews films — much as he did to reach his opinions in this case. As set forth in his expert report, "Dr. Deriso will opine that '[n]either the clinical course nor the diagnostic tests reveal any evidence of an acute injury involving this patient's cervical spine or her right wrist.'" Doc. 55 at 10. Defendant contends that Dr. Deriso relied on his experience, plaintiff's medical records, and learned treatises when offering his opinion. Doc. 55-1 at 6-7; Doc. 55-2 at 8.

The Court concludes that Dr. Deriso is sufficiently qualified to offer the specific opinions he proffered in his expert report. Dr. Deriso is a board-certified orthopedic surgeon who has worked in orthopedics since 1975. Doc. 55-1 at 1-2. Although he no longer performs surgeries, he sees about twenty-five patients at his office per week. Doc. 55-2 at 37. He evaluates these patients, determines whether they need surgery, and refers them to another doctor to perform the surgery. *Id.*

Likewise, Dr. Deriso's evaluation of plaintiff's injuries was reliable. He looked at the physical evidence collected from plaintiff's various scans and reviewed the testimony of her treating physicians. He then applied his experience to that information to form an

7

assessment of whether the scans showed evidence of an acute injury. *See Adams v. Lab. Corp. of Am.*, 760 F.3d 1322, 1330 (11th Cir. 2014) ("Dr. Rosenthal formed her opinion by using reliable tools, applying an established body of medical knowledge, and drawing on her extensive experience in the field."); *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1336 (11th Cir. 2010) ("[T]here are instances in which a district court may determine the reliability prong under *Daubert* based primarily upon an expert's experience and general knowledge in the field."); *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 982 (6th Cir. 2004) (holding that district court abused its discretion in excluding a doctor's standard-of-care testimony that was "supported by extensive relevant experience").[2] Finally, the Court is satisfied that Dr. Deriso's testimony will assist the trier of fact. Although not a complicated case, the causation of soft tissue and bone injuries in a plaintiff with pre-existing degenerative injuries is beyond the understanding of the average layperson. *See Frazier*, 387 F.3d at 1261. As a result, plaintiff's motion to disqualify Dr. Deriso is **DENIED WITHOUT**

---

[2] The Court notes that this analysis might well be altered if Dr. Deriso were being tendered as an expert to provide analysis of the surgery that Plaintiff had. However, since the report does not indicate that Dr. Deriso will offer any opinion on the surgery itself, there is no need to address this concern.

8

PREJUDICE.

Plaintiff also argues that Dr. Deriso should be struck as an expert because he failed to provide a sufficient list of his prior testimony either in deposition or at trial. Though plaintiff slips this argument into her motion in limine, it is, at heart, a discovery dispute and should have been handled under a motion to compel. Under this Court's Local Rule 26.5, Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 37(a)(1), counsel filing such discovery motions are required to "certify that a good faith effort has been made to resolve the dispute before coming to court." No such certification was appended here. Moreover, plaintiff has alleged that Dr. Deriso's failure to provide these required disclosures "limited the plaintiff during the discovery process," but exactly what limitation was suffered is unclear. Doc. 43 at 4. Moreover, it appears that defendant and Dr. Deriso attempted to remedy the identified errors in the disclosure both at deposition, doc. 55-2 at 15-23, and in response to plaintiff's motion, doc.55-.5. As a result, plaintiff's request to strike Dr. Deriso on the basis that he failed to provide suitable information in discovery is **DENIED WITHOUT PREJUDICE**. If plaintiff wishes to pursue this challenge, she is directed to make a good faith effort to

9

resolve the dispute with defendant first. If that attempt at resolution fails, plaintiff must inform the Court specifically, what prejudice was suffered.

**SO ORDERED,** this 31st day of January, 2019.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia