**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | |
|---|---|
| JANICE POWELL, | |
| Plaintiff, | CIVIL ACTION NO.: 6:17-cv-58 |
| v. | |
| VARIETY WHOLESALERS, INC., | |
| Defendant. | |

## ORDER AND NOTICE OF TRIAL PREPARATION REQUIREMENTS

The motions deadline in this case having passed without the case being disposed of in its entirety, the Court issues the following Instruction Order regarding the parties' ongoing obligations in preparing the case for trial.

### I.      Trial Preparation Conference Between/Among the Parties

In an effort to streamline the parties' preparations for pretrial and trial-related proceedings, the Court hereby **ORDERS** lead counsel for all parties to confer (in person or via teleconference) within fourteen (14) days of the date of this Order to discuss the activities and filings each party anticipates undertaking in order to prepare the case for trial (hereinafter, the "Trial Preparation Conference").[1]  The parties shall use the Joint Trial Preparation Report form as a guide for their conference.[2]  The parties are additionally ordered, during the conference, to discuss the potential

---

[1]   If any party in this case is not represented by counsel, such party shall be obligated to comply with the requirements hereof in the same manner as counsel.

[2]  The Joint Trial Preparation Report form is available on the Court's website under the "Forms" tab and can also be accessed through the following link: https://www.gasd.uscourts.gov/judge-baker-instructions-and-forms.

for settlement.  The Court **ORDERS** the parties to have a comprehensive discussion during the conference and to approach the conference in good faith and with a spirit of cooperation.

## II.      Joint Trial Preparation Report and Proposed Trial Preparation Scheduling Order

The parties are **ORDERED** to prepare and file with the Court, within seven (7) days after the required Trial Preparation Conference, a Joint Trial Preparation Report using the form for use in Judge Baker's cases, which is available on the Court's website.[3]  The parties must use that form as well as this Instruction Order to guide their discussion at the Trial Preparation Conference. Additionally, the parties must prepare and file a Proposed Trial Preparation Scheduling Order using the form available on the Court's website. [4]  The parties shall file the proposed scheduling order as an attachment to their Joint Trial Preparation Report **and shall also email a version in Word format to Judge Baker's Courtroom Deputy Clerk**.

The parties shall work together to prepare the Report and Proposed Scheduling Order, and the proposed deadlines in the Report and Proposed Scheduling Order should be mutually agreeable, with a view to achieving trial preparation and/or resolution of the case with minimum expense and delay.  To the extent the parties cannot agree on an item in the Report, they shall so indicate in the Report.   Counsel for the plaintiff(s) shall have the responsibility to initiate compliance with the instructions in this Order and to file the Report and Proposed Scheduling Order.  A party who cannot gain the cooperation of any other party in conferring or preparing the Report and Proposed Order shall advise the Court of the other party's failure to cooperate **prior to** the Report and Proposed Order filing deadline.  Should a party fail to comply with the requirements

---

[3]  When filing the report, the parties should use the event in CM/ECF titled "Joint Trial Preparation Report" located under Civil Events → Other Filings → Trial Documents.

[4] The Trial Preparation Scheduling Order form is available on the Court's website under the "Forms" tab and can also be accessed through the following link: https://www.gasd.uscourts.gov/judge-baker-instructions-and-forms.

of this Order, the Court may dismiss the Complaint or strike any Defendant's Answer or impose other sanctions deemed appropriate by the Court.

Should any party seek a stay of the case or seek an extension of their obligation to file the Report and Proposed Scheduling Order, the party shall first contact all other parties and determine if the other parties join in, consent to, or oppose the request. When filing the motion for a stay or for an extension, the party requesting the extension must state in their motion whether the other parties join in, consent to, or opposes the request for a stay or an extension.

In developing the Joint Trial Preparation Report and Proposed Trial Preparation Scheduling Order, the parties should take the following into consideration:

**(a)** **Purpose of the Joint Trial Preparation Report**. The Court will use the Joint Trial Preparation Report, following a conference with counsel, to draft a Trial Preparation Scheduling Order. It is the Court's desire and expectation to fashion a schedule that permits the expeditious resolution of this matter while allowing the parties and the Court sufficient time to prepare for trial. To that end, the parties shall contemplate the specific circumstances of this case and propose a schedule that accommodates the actions that need to be completed prior to trial.

**(b)** **Last Minute Motions, Objections, and Designations Disallowed.** It is the Court's experience that the administration of justice is better served when all motions in limine, complex objections, and exhibit and deposition designations and objections thereto are resolved well in advance of trial. **Thus, absent an extraordinary showing, the Court will not allow such issues to be raised after the deadlines imposed in the Trial Preparation Scheduling Order**.

**(c)** **Motions in Limine.** Complex trial issues, including substantial evidentiary questions, are better resolved well in advance of, rather than in the midst of, trial. Thus, the Court expects the parties to raise complex trial issues, including debates regarding the exclusion or admission of evidence through motions in limine. However, the Court discourages the filing of form motions in limine or motions about issues the other parties do not dispute. Therefore, the Court **ORDERS** that, **prior to filing any motion in limine**, the moving party must confer, either telephonically or in person, with the opposing party (or parties) regarding each and every request to be raised in the motion in limine that relates to that party (or parties). During such conference, the parties shall undertake a sincere, good faith effort to reach an agreement regarding the specific request and how the issue will be handled at the trial of the case. When filing the motion in limine, the filing party must certify that the foregoing conference was conducted (or that a good faith effort to conduct the conference was made) and must also state whether the opposing party objects or consents (in whole or in part) to the specific request.[5]

**(d)** **Exhibit Designations, Deposition Designations, Proposed *Voir Dire* Questions, and Proposed Jury Charges.** Similarly, in an effort to avoid any unnecessary expenditure of time and resources by the Court and the parties, the Court **ORDERS** that, **prior to filing objections to another party's proposed exhibits, deposition designations, proposed *voir dire* questions, or proposed jury charges**, the objecting party must confer, either telephonically or in person, with the proposing

---

[5] It is the Court's hope and expectation that this will eliminate the filing of form motions in limine and motions that have no bearing on the specific facts of this case.

4

party (or parties) regarding each and every objection the party intends to raise.[6] During such conference, the parties shall undertake a sincere, good faith effort to reach an agreement regarding the objected-to exhibits, designations, questions, or charges. When filing any objections, the objecting party must certify that the conference was conducted (or that a good faith effort to conduct the conference was made) and must also state whether the parties reached any agreement regarding the objected-to exhibits, designations, or charges.

### III. Trial Preparation Scheduling Conference

**IT IS FURTHER ORDERED that this case is hereby scheduled for a Trial Preparation Scheduling Conference on July 31, 2019, at 2:00 p.m., before the Honorable R. Stan Baker**. This conference will typically be held telephonically. Judge Baker's Courtroom Deputy Clerk will contact counsel and any unrepresented parties to provide dial-in or attendance information regarding this conference. At the conference, the Court will approve, disapprove, or direct amendment of the proposed pretrial schedule set forth in the Joint Trial Preparation Report and Proposed Trial Preparation Scheduling Order and will discuss any issues the parties raise in the Report. The Court will also set a date for the trial of this case. Thus, counsel shall be prepared to discuss their and their clients' schedules and availability. This Conference need only be attended by counsel and by any unrepresented parties. Lead counsel for each party must be in

---

[6] Sections 6 and 7 of the Joint Trial Preparation Report require all parties to confer (within a specified time period) and discuss each party's deposition designations and exhibit designations. That conference will satisfy the pre-objection conference requirements of this Order as to exhibit designations and deposition designations. As no such conference is required regarding proposed *voir dire* questions and proposed jury charges, a party wishing to object to another party's proposed *voir dire* questions or proposed jury charges must, on its own initiative, seek to confer with the proposing party prior to filing any such objections with the Court.

attendance.  Following the conclusion of the conference, the Court will enter a Trial Preparation

Scheduling Order, which will include deadlines for the parties' trial preparation activities.

**SO ORDERED**, this 10th day of June, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA